UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00599-RJC
(3:18-cr-00075-RJC-DCK-1)

| | |
|---|---|
| SURRELL M. DUFF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.     BACKGROUND**

On February 21, 2018, Pro Se Petitioner Surrell M. Duff ("Petitioner") was charged in a Bill of Indictment with one count of crack cocaine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two). [CR Doc. 3: Indictment].

Petitioner and the Government entered into a Plea Agreement pursuant to which Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss the remaining charge in the Indictment. [CR Doc. 17: Plea Agreement]. Among other relevant terms in the Plea Agreement, the parties agreed to jointly recommend that the Court find that "[t]he amount of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00599-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00075-RJC-DCK-1.

1

cocaine base ("crack cocaine") that was known to or reasonably foreseeable by the [Petitioner] was in excess of two hundred and eighty (280) grams but less than eight hundred forty grams (840) grams." [CR Doc. 17 at 2]. The Plea also provided that the Government had filed an Information pursuant to 21 U.S.C. § 851 regarding one prior felony. Petitioner agreed and affirmed that that Information was accurate and valid for purposes of Section 851. As such, Petitioner faced a mandatory sentence of not less than 20 years' imprisonment. The Government agreed, however, that if Petitioner complied with all terms of his Plea Agreement, it would withdraw the Section 851 enhancement at the time of sentencing. Without the 851 enhancement, Petitioner would face a mandatory minimum sentence of 10 years. [Id. at 2].

In the Plea Agreement, Petitioner stipulated that there was a factual basis for his guilty plea. [Id. at 5]. The Factual Basis filed with the Plea Agreement provided, in pertinent part, as follows:

> 1. Defendant Surrell M. DUFF and other persons have been members of a conspiracy from on or about February 17, 2017 to on or about October 30, 2017, in Gaston County, within the Western District of North Carolina, and elsewhere, to distribute and to possess with intent to distribute 280 grams or more of cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a), and 841(b)(1)(A).
>
> 2. On October 30, 2017, the U.S. Probation Office and other law enforcement officers conducted a search of Defendant DUFF's vehicle and residence and seized, among other things, several grams of suspected cocaine base, commonly called "crack cocaine," digital scales, and Ziploc baggies consistent with those used for drug trafficking. Defendant DUFF provided a post-*Miranda* confession to historical drug trafficking.
>
> 3. On October 31, 2017, Defendant DUFF provided a second confession, non-custodial, in which he admitted trafficking in more than 10 ounces of crack cocaine since his being released onto supervised release on February 17, 2017.

[CR Doc. 16: Factual Basis].

Petitioner pleaded guilty in accordance with the Plea Agreement. [CR Doc. 18: Acceptance and Entry of Guilty Plea]. A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See id.]. Under oath, Petitioner told the Court that he received a copy of the Indictment and discussed it with his attorney. [Id. at ¶ 8]. The charge and maximum and minimum penalties were then explained to Petitioner. [Id.]. Petitioner attested that he fully understood the charge against him, including the penalties he faced if convicted. [Id. at ¶ 9]. The Petitioner further attested that he had spoken with his attorney regarding how the U.S. Sentencing Guidelines might apply to his case and that, in some circumstances, Petitioner may receive a sentence higher or lower than that called for in the Guidelines. [Id. at ¶¶ 13, 15]. The Petitioner also attested that he understood that the District Judge could not determine the applicable Guidelines range until after Petitioner's Presentence Report was prepared. [Id. at ¶ 14]. The Petitioner stated, under oath, that he is in fact guilty of the count in the Bill of Indictment to which he was pleading guilty. [Id. at ¶ 24].

The Petitioner further attested that he understood the terms of his Plea Agreement, agreed with those terms, and had signed the Plea Agreement. [Id. at ¶¶ 26, 29]. The Petitioner also affirmed that he was aware that a Factual Basis had been filed in his case and that he had read it, understood it, and agreed with it. [Id. at ¶¶ 30-1]. Petitioner stated that no one had threatened, intimidated, or forced him to enter his plea of guilty. [Id. at ¶ 32]. Petitioner also stated that, other than the terms of his Plea Agreement, no one made him promises of leniency or a lighter sentence to induce him to plead guilty. [Id. at ¶ 32]. Finally, Petitioner attested that he had had time to discuss any possible defenses with his attorney and that he was "satisfied with the services of [his] lawyer in this case." [Id. at ¶¶ 34, 35].

Prior to Petitioner's sentencing hearing, a probation officer prepared a Presentence Report (PSR). [CR Doc. 24]. Based on a Total Offense Level of 27 and a Criminal History Category of V, the probation officer noted a guideline imprisonment range of 87 to 108 months but found that Petitioner's statutorily required minimum sentence of 20 years was greater than the maximum applicable guideline range. The probation officer, therefore, found that the guideline term of imprisonment was 240 months. [Id. at ¶¶ 33, 54, 99, 100 (citing U.S.S.G. § 5G1.1(b))].

The Court sentenced Petitioner to a term of imprisonment of 120 months, after withdrawal of the 851 enhancement, to be served consecutively to any terms of imprisonment imposed in Case No. 3:09-cr-82 pending in the Western District of North Carolina.[2] [CR Doc. 29 at 2: Judgment]. Judgment on Petitioner's conviction was entered on May 1, 2019. [Id.]. Petitioner did not directly appeal his conviction.

On November 5, 2019, Petitioner filed the pending Section 2255 motion to vacate. [CV Doc. 1]. Petitioner's motion, however, was not signed under penalty of perjury and the Court ordered Petitioner to resubmit his motion. [CV Doc. 2]. Before Petitioner could have received the Court's Order, Petitioner moved to amend his motion to vacate. [CV Doc. 3]. His motion to amend included only additional factual recitation and an "Unsworn Declaration Under Penalty of Perjury" signed by Tonya Taylor and dated October 23, 2019. [Id. at 3]. This Declaration recites Ms. Taylor's involvement in contacting Petitioner's attorney regarding a potential motion to suppress evidence. [See id.]. Soon thereafter, Petitioner filed an Amended Section 2255 Motion to Vacate and a supporting memorandum [CV Docs. 4, 4-1], presumably in response to the Court's Order requiring Petitioner to resubmit his motion under penalty of perjury.

---

[2] Petitioner also faced conviction on a supervised release violation Petition in Criminal Case No. 3:09-cr-82. As part of the Plea Agreement, the parties agreed that any term imposed in that matter would be served consecutively to any term imposed in Criminal Case No. 3:18-cr-75. [CR Doc. 17 at 1].

Petitioner argues he received ineffective assistance of counsel under the Sixth Amendment. In support of his motion, Petitioner asserts the following grounds: (1) his counsel advised him to sign a plea when he insisted on going to trial; (2) his counsel failed to file a motion to suppress evidence, which was obtained in violation of Petitioner's Fourth Amendment rights because Petitioner was illegally arrested; and (3) Petitioner was sentenced under a "false" drug quantity because his counsel failed to argue drug quantity, even though Petitioner told her "his amount was wrong." [CV Doc. 4 at 4-7].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Further, a petitioner must show that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

In his supporting memorandum, Petitioner elaborates on the grounds stated in his Section 2255 motion. Petitioner contends that he "was misinformed by counsel when she told him that if he signed the plea then she would mitigate for a lower sentence." [Doc. 4-1 at 2]. Petitioner claims that his arrest and the subsequent search of his vehicle and residence were without probable cause and, therefore, unlawful. As such, all evidence obtained as a result of Petitioner's unlawful arrest was "fruit of an illegality" and inadmissible. [Id. at 3-4]. Further, Petitioner argues his confession was also a "fruit" of an illegal arrest and, therefore, inadmissible. [Id. at 4]. Finally, Petitioner contends that the drug amount for which he was held responsible "was based on [a] question asked by the probation officer," not on the "tangible items" found in his Petitioner's residence. [Id. at 7]. In other words, the drug amount was based on Petitioner's own confession, which Petitioner claims was inadmissible. Petitioner believes his attorney should have moved to suppress all the evidence in the case that resulted from his illegal arrest and that she failed to do so despite his numerous requests. [Doc. 4-1 at 2-4].

7

The grounds and supporting facts presented by Petitioner, however, necessarily contradict the sworn statements he made at his plea colloquy. Petitioner's contention that his attorney overrode his insistence on going to trial, that his attorney failed to file a motion to suppress illegally obtained evidence, and that he was sentenced based on the wrong drug amount are belied by (1) the plain language of Petitioner's Plea Agreement and the Factual Basis and (2) Petitioner's sworn representations during the plea proceedings that (a) he understood the charge and the maximum penalty; (b) he had read the Plea Agreement and agreed with his terms; (c) he signed the Plea Agreement; (d) he read, understood and agreed with the Factual Basis; (d) he was not threatened, intimidated, or forced to plead guilty; (e) other than his Plea Agreement, no one made him any promises of leniency or a light sentence; (f) that he was in fact guilty of the offense; (g) that he had time to discuss any possible defenses with his attorney; and (h) that he was satisfied with his attorney's performance. [CR Doc. 38]. The truth of these sword statements is conclusively established absent the showing of extraordinary circumstance. Lemaster, 403 F.3d at 221-22. Here, Petitioner has not alleged or shown extraordinary circumstances to overcome this sworn testimony. See Lemaster, 403 F.3d at 221-22.

Further, Petitioner's argument that he was misinformed that his attorney could "mitigate for a lower sentence" if Petitioner signed the Plea Agreement is not well taken. Had Petitioner not pleaded guilty in accordance with the Plea Agreement, he would have remained subject to the 851 enhancement and faced a 20-year mandatory minimum sentence rather than the 10-year minimum sentence that he received. [See Doc. 29 at 2]. Accordingly, Petition did, in fact, receive a lower sentence by signing the Plea Agreement.

As for Petitioner's contentions regarding the motion to suppress evidence, Petitioner was well aware at the time he pleaded guilty that no such motion had been filed. Petitioner decided to

8

plead guilty anyways and to make the sworn statements he made at his plea colloquy. Further Petitioner admitted that he was guilty of the charge to which he was pleading guilty. Petitioner has not shown that his guilty plea was not knowingly and voluntarily made. Here, any alleged failure by Petitioner's attorney to move to suppress evidence did not affect the voluntariness of Petitioner's guilty plea and cannot now be grounds for federal collateral review. See Fields, 956 F.2d at 1294-96.

Additionally, although Petitioner alleges that he pleaded guilty despite insisting on going to trial, Petitioner has not shown that proceeding to trial would have been objectively reasonable, particularly where, without the Plea Agreement, Petitioner would have faced a 20-year mandatory minimum sentence. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). His claims also fail, therefore, because he has not adequately alleged or shown prejudice. Accordingly, Petitioner's claim of ineffective assistance on this issue is without merit.

In sum, for the reasons stated herein, Petitioner cannot show deficient performance and prejudice; therefore, his ineffective assistance claim is denied.

The Court will grant Petitioner's motion to amend insofar as the Court reviewed the motion and the accompanying statement of Ms. Taylor and determined that it does not change the outcome of these proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. Petitioner's Motion to Amend [Doc. 3] is **GRANTED** in accordance with the terms of this Order.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 6, 2020

*[signature]*

Robert J. Conrad, Jr.
United States District Judge